IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID SCOTT GAFFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO. 2:24-CV-710-WKW ) [WO] |
| BUTLER COUNTY SHERIFF'S OFFICE and QUALITY CORRECTIONAL HEALTH CARE, | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Plaintiff David Scott Gafford, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action for alleged violations of his federal constitutional rights while incarcerated at the Butler County Jail. The complaint was docketed on November 5, 2024. (Doc. # 1.) Contemporaneously with the initiation of his complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. # 2.) On March 21, 2025, the Magistrate Judge entered an Order granting Plaintiff leave to proceed *in forma pauperis*. (Doc. # 7.) The March 21 Order was returned to the court by the postal service as undeliverable. (Doc. # 8.) Based on the prior proceedings as described below, this action will be dismissed without prejudice for failure to prosecute.

In an Order dated November 12, 2024, Plaintiff was directed to inform the court of any change in his address and cautioned that his failure to do so within ten days of an address change would result in dismissal of this action. (Doc. # 4 at 2.) That Order was not returned to the court as undeliverable. Additionally, in an Order dated April 9, 2025, Plaintiff was informed that the administration of his action cannot proceed if his whereabouts remain unknown, and he was ordered to notify the court of his current address or show cause why this case should not be dismissed for his failure to prosecute and comply with a court Order. (Doc. # 9.) The deadline for Plaintiff to respond to the April 9 Order was April 23, 2025. However, to date, Plaintiff has not filed a response, and his whereabouts remain unknown.

Because Plaintiff has failed to prosecute this action diligently, it will be dismissed without prejudice. Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). *Pro se* litigants are not excused from the requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The authority of courts to impose sanctions for failure to prosecute is longstanding and acknowledged by Rule 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the

District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, the court finds a clear record of delay and that sanctions lesser than dismissal would not suffice. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 14th day of May, 2025.

                                                  /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE